**Kerri C. WOOD, individually and on behalf of others similarly situated, Plaintiff,**

**v.**

**J CHOO USA, INC., d/b/a Jimmy Choo, Defendant.**

**Case No. 15-cv-81487-BLOOM/Valle**

United States District Court, S.D. Florida.

Signed August 10, 2016

Filed August 11, 2016

Bret Leon Lusskin, Jr., Bret Lusskin, P.A., Aventura, FL, Patrick Christopher Crotty, The Law Office of Scott D. Owens, Scott David Owens, Scott D. Owens, P.A., Hollywood, FL, Seth Michael Lehrman, Steven R. Jaffe, Farmer Jaffe Weissing Edwards Fistos & Lehrman PL, Fort Lauderdale, FL, for Plaintiff.

Carol Ann Licko, Mark Richard Cheskin, Hans Helmut Hertell, James Leo Vanlandingham, Hogan Lovells US LLP, Miami, FL, for Defendant.

## ORDER

BETH BLOOM, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** is before the Court upon Defendant J Choo USA, Inc.'s ("Defendant or "Jimmy Choo") Motion to Dismiss, ECF No. [44] (the "Motion"), Plaintiff Kerri C. Wood's ("Plaintiff" or "Wood") Complaint, ECF No. [1] (the "Complaint"), filed under the Fair and Accurate Credit Transactions Act ("FACTA"), for lack of subject matter jurisdiction. The Court has carefully reviewed the Motion, the supporting and opposing submissions, the record, and the applicable law, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is denied.

## I. Background

This controversy arises from a weekend shopping trip to the mall gone awry. On October 17, 2015, Wood purchased a pair of sunglasses at Jimmy Choo in Palm Beach Gardens. After her purchase, she was presented with a printed receipt containing certain personal credit card information that forms the subject of the instant class action lawsuit. Compl. ¶¶ 25-27; *see* ECF No. [44-3] (Wood's redacted receipt). Wood alleges that Jimmy Choo willfully violated FACTA by issuing a sales receipt that displayed her credit card's expiration date. *See id.* ¶ 61. The receipt also contained other sensitive information about Plaintiff, including her home address, telephone number, and the name of the salesperson that conducted the transaction; however, it displayed only the last four digits of her credit card number, as required by FACTA.[1] *See id.* ¶ 27. Pursuant to these facts, Plaintiff alleges that she, as well as other fashion victims who conducted business with Defendant during the relevant timeframe, each of whom paid for goods using a credit or debit card and were provided with a receipt containing the card's expiration date, suffered a violation of 15 U.S.C. § 1681c(g). *See id.* ¶¶ 57-60. As a consequence, the Complaint claims that each class member has been uniformly burdened with an elevated risk of identity theft, and is entitled to an award of statutory damages accordingly.[2] *See id.* ¶¶ 52, 62.

FACTA was enacted in 2003 as an amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), with the intended purpose of helping to combat identity theft. *See* Pub. L. No. 108-159, 117 Stat. 1952 (2003). FACTA, *inter*

---

1. FACTA mandates that no "more than the last 5 digits of a card number" are provided in the receipt issued to the cardholder. 15 U.S.C. § 1681c(g).

2. Wood alleges that this suit "expressly is not intended to request any recovery for personal injury and claims related thereto." Compl. ¶ 48.

*alia*, prohibits merchants, like Jimmy Choo, that accept credit or debit cards from "print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g).[3] The statute distinguishes between negligent noncompliance and willful[4] violations. *See id.* A violation of FACTA's receipt truncation requirements that is negligent, or non-willful, limits damages to reimbursement for actual injuries suffered by the consumer. *See* 15 U.S.C. § 1681o(a). In contrast, statutory and punitive damages are available to an aggrieved plaintiff who can establish a willful violation of FACTA. *See* 15 U.S.C. § 1681n(a) ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . .").

In the instant Motion, Jimmy Choo challenges whether Wood has Article III standing to bring this action for statutory damages, particularly in light of the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, — U.S. —, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). To the extent that Wood does not sufficiently allege a willful violation of FACTA, the Defendant submits that she is precluded from recovery under FACTA altogether, because she has failed to show an actual injury that is both particularized and concrete.

**3.** This section applies to any "device that electronically prints receipts" for point-of-sale transactions. 15 U.S.C. § 1681c(g)(3).

**4.** Jimmy Choo does not dispute that it had knowledge of FACTA's requirements—nor could it, particularly considering that the record shows that major credit card companies notified it of the same. *See* ECF Nos. [1-3]—[1-5]. The Defendant was also sued previously for the same FACTA violation. *See* ECF No. [1-6]. The Supreme Court has defined willful

## II. Legal Standard

One element of the case-or-controversy requirement under Article III of the United States Constitution is that plaintiffs "must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). "The law of Article III standing serves to prevent the judicial process from being used to usurp the powers of the political branches, and confines the federal courts to a properly judicial role." *Spokeo*, 136 S.Ct. at 1547 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. —, —, 133 S.Ct. 1138, 1146, 185 L.Ed.2d 264 (2013)) (alteration adopted; citations omitted). "Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redressibility." *Dermer v. Miami–Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir.2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Specifically, "[t]o have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819–20 (11th Cir.2003); *see Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 980 (11th Cir.2005) (same).

actions as those that create "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)); *see Redman v. RadioShack Corp.*, 768 F.3d 622, 627 (7th Cir. 2014), *cert. denied sub nom. Nicaj v. Shoe Carnival, Inc.*, — U.S. —, 135 S.Ct. 1429, 191 L.Ed.2d 366 (2015) ("The known or obvious risk in this case would be failing to delete the expiration date on the consumer's credit-card or debit-card purchase receipt.").

■ "The party invoking federal jurisdiction bears the burden of proving standing.'" *Florida Pub. Interest Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir.2004) (quoting *Bischoff v. Osceola Cty.*, 222 F.3d 874, 878 (11th Cir.2000)). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir.2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F.Supp.2d 1255, 1256–57 (M.D.Fla.2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir.2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

■ "In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir.1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.*, 275 Fed.Appx. 879, 880 (11th Cir.2008) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)). However, the Eleventh Circuit has advised that "if an attack on subject matter jurisdiction also implicates an element of the cause of action, then the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir.1997) (quotation omitted); *see Morrison*, 323 F.3d at 925 (same).

■ "[P]rior to analyzing whether class certification is appropriate, courts must address the threshold question of whether the individual plaintiff has constitutional standing to raise his or her claims." *Underwood v. Manfre*, 2014 WL 67644, at *3 n. 2 (M.D.Fla. Jan. 8, 2014) (citing *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir.1987)) ("Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others."); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1339 (11th Cir.1994) ("If the named plaintiff seeking to represent a class fails to establish the requisite case or controversy, he may not seek relief on his behalf or on that of the class."). "It is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to one of many claims he wishes to assert. Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1280 (11th Cir.2000).

### III.Discussion

 Pursuant to this doctrine, Jimmy Choo argues that Wood does not have standing to bring this action under FACTA. As to statutory damages, Jimmy Choo argues that FACTA does not confer a substantive right for individuals to receive printed receipts that truncate the expiration date on their personal credit cards. As to actual damages, Wood has failed to allege a concrete injury.[5] Wood counters that the Court need not reach the issue of actual injury, because failure to comply with either of the two truncation requirements imposed by FACTA constitutes a sufficient injury in and of itself.

"This case primarily concerns injury in fact, the 'first and foremost' of standing's three elements." *Spokeo*, 136 S.Ct. at 1547 (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). To sufficiently allege an injury in fact, Wood must demonstrate that she has suffered an injury that, *inter alia*, is concrete and particularized. *See id.* (citing *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130). However, *Spokeo* recognized that "Congress may 'elevate to the status of legally cognizable injuries', concrete, *de facto* injuries that were previously inadequate in law." *Id.* at 1549 (quoting Lujan, 504 U.S. at 578, 112 S.Ct. 2130) (alteration omitted). In some circumstances, therefore, "the violation of a procedural right granted by statute can be sufficient ... to constitute injury in fact." *Id.* at 1549. This is one such case.

Another District Court in the Southern District of Florida has recently decided this precise issue. *See Guarisma v. Microsoft Corp.*, 209 F.Supp.3d 1261, 2016 WL 4017196, at *3 (S.D.Fla. July 26, 2016). In that case, upon paying for the defendant's

product with his personal credit card, the plaintiff received a printed receipt bearing the first six digits of his credit card account number, along with the last four digits. *Id.* at ——, at *1. The receipt also contained the plaintiff's name and the name of the salesperson who conducted the transaction. *Id.* In resolving defendant's motion to dismiss for lack of standing, the court examined *Spokeo*, as well as the Eleventh's Circuit's rendering of "the post-*Spokeo* landscape" in *Church v. Accretive Health, Inc.*, No. 15–15708, 654 Fed.Appx. 990, 991–92, 2016 WL 3611543, at *1 (11th Cir. July 6, 2016) (finding that plaintiff demonstrated injury-in-fact where defendant failed to include certain disclosures required by FDCPA, even though plaintiff did not allege actual damages from this failure to disclose). *Guarisma*, 209 F.Supp.3d, 2016 WL 4017196, at *3. Using *Spokeo* and *Church* as "guideposts," the court framed the question presented as "whether, in enacting the FACTA, Congress created a substantive right for consumers to have their personal credit card information truncated on printed receipts, or merely created a procedural requirement for credit card-using companies to follow." *Id.* at ——, at *4.

Addressing this inquiry, the court first observed that both before and after *Spokeo*, "other courts have found th[at] FACTA endows consumers with a legal right to protect their credit identities." *Id.* (citing *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 498–99 (8th Cir.2014) ("Congress gave consumers the *legal right* to obtain a receipt at the point of sale showing no more than the last five digits of the consumer's credit or debit card number.") (emphasis added);

---

5. Her injury is clearly particularized as Wood received a receipt that included her own personal credit card information, as well as her name. However, as to concreteness, the only

harm alleged in the Complaint is the statement that Wood and members of the alleged class "continue to be exposed to an elevated risk of identity theft." Compl. ¶ 62.

*Amason v. Kangaroo Exp.*, No. 7:09–CV–2117–RDP, 2013 WL 987935, at *4 (N.D.Ala. Mar. 11, 2013) ("[T]he statutory provisions invoked by Plaintiffs, 15 U.S.C. §§ 1681c(g) and 1681n, create a *substantive right* to have one's financial information protected through truncation and also provide a procedural right to enforce that truncation.") (emphasis added); *Altman v. White House Black Market, Inc.*, Case No. 1:15–cv–02451–SCJ, 2016 WL 3946780, at *5–6 (N.D.Ga. Jul. 13, 2016) (holding that, through the enactment of FACTA, Congress created a substantive right to receive a truncated card receipt, the invasion of which constitutes a concrete injury)). Furthermore, the *Guarisma* court acknowledged that such courts have "considered a FACTA violation to be concrete as soon as a company prints the offending receipt, as opposed to requiring a plaintiff actually suffer identity theft." *Id.*; *see Amason*, 2013 WL 987935, at *4 ("Because the Amended Complaint states that the [FACTA] invasion has already occurred and that it happened specifically to Plaintiffs as opposed to consumers who had never transacted business with Defendants, Plaintiffs have shown that the invasion is concrete and particularized as well as actual."). Finally, the court explored FACTA's legislative history, finding that it supported a desire by Congress to "create a substantive legal right for consumers to utilize in protecting against identity theft." *Guarisma*, 209 F.Supp.3d, 2016 WL 4017196, at *4 (citing 149 Cong. Rec. H8122-02 (statement of Rep. Shadegg) ("[T]he bill requires that anytime a transaction is made and information is transmitted using a credit card number, that number has to be truncated so that someone who wants to steal your identity by grabbing ahold of your credit card number will not have the full number."), (statement of Rep. Jackson-Lee) ("This bill . . . will include comprehensive identity theft . . . provisions.")). Through this analysis, the court was ultimately persuaded that Congress intended to create a substantive legal right through FACTA "for Guarisma and other consumers to receive printed receipts truncating their personal credit card numbers, and thus protecting their financial information." *Id.*

 Jimmy Choo argues that the holding in *Guarisma* is inapplicable here because the instant facts involve the failure to truncate a card expiration date rather than a card number. *See* Motion at 16-17. Specifically, the Defendant argues that another amendment to FACTA, the Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, 122 Stat. 1565 (2008), codified at 15 U.S.C. § 1681n(d) (the "Clarification Act"), establishes Congress' intent to treat violations resulting from improper truncation of card number differently from violations resulting from improper truncation of expiration date. *See* Motion at 9-10 [6] (citing 122 Stat. 1565 § 2(b)) ("The purpose of this Act is to ensure that consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers."). This provision, entitled "clarification of willful noncompliance," states:

> For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681 c(g) of this title for such receipt shall not be in willful noncompliance with section

---

**6.** Jimmy Choo presents no further arguments for dismissal.

1681 c(g) of this title by reason of printing such expiration date on the receipt. 15 U.S.C. § 1681n(d). "[T]he express language of the Clarification Act effectively eliminated any claim for a willful violation of FACTA based on the alleged failure to delete the expiration date from a receipt issued between December 4, 2004, and June 3, 2008." *Barbieri v. Redstone Am. Grill, Inc.*, No. 07 C 5756, 2009 WL 290467, at *2 (N.D.Ill. Feb. 6, 2009). Of course, it follows that the statute places no limits on liability for FACTA violations occurring after June 3, 2008, when "the Clarification Act's safe harbor expired." *Rosenthal v. Longchamp Coral Gables, LLC*, 603 F.Supp.2d 1359, 1361 (S.D.Fla. 2009) (noting that Clarification Act's safe harbor extended to June 3, 2008). And, Jimmy Choo does not provide any support for its constructive assertion otherwise, that is, that the Clarification Act, or the intent behind it, applies to causes of action arising after June 3, 2008.

Indeed, Defendant's submission that the enactment of the Clarification Act demonstrates Congress' intent to limit current recovery under FACTA to those consumers seeking actual damages is untenable:

> If Congress wanted the Clarification Act to apply prospectively and without limitation—thereby eliminating the failure to truncate expiration dates as constituting willful compliance—Congress would have eliminated the June 3, 2008 end date from the Clarification Act or amended Section 1681 c(g)(1) eliminating expiration dates as a basis of liability altogether. Instead, Congress set forth the precise dates of retroactivity extending the three-year grace period under Section 1681c(g)(1) from December 4, 2004 until June 3, 2008.

*Hepokoski v. Brickwall of Chicago, LLC*, 2009 WL 5214311, at *3 (N.D.Ill. Sept. 22, 2009). Jimmy Choo's reading of § 1681n(d) would, ultimately, render its end date of June 3, 2008, surplusage. *See id.*; *Gonzalez v. McNary*, 980 F.2d 1418, 1420 (11th Cir. 1993) ("Courts must assume that Congress intended the ordinary meaning of the words it used, and absent a clearly expressed legislative intent to the contrary, that language is generally dispositive."). For that reason, the Defendant's proffered interpretation of the Clarification Act must fail.

In fact, another District Court in the Southern District of Florida has rejected Jimmy Choo's argument. In *Steinberg v. Stitch & Craft*, Inc., 09–60660–CIV, 2009 WL 2589142, at *3 (S.D.Fla. Aug. 18, 2009), the defendant maintained that "the congressional intent behind the Clarification Act indicates that its actions were not willful." However, the court found this argument unconvincing, reasoning that "while Congress may have believed the harm resulting from merchants printing credit/debit card expiration dates was slight, the clear terms of the statute place no limits on liability for acts occurring after June 3, 2008." *Id.*

 Indeed, in setting an end date for the Clarification Act, Congress clearly intended to hold card merchants to the two separate truncation requirements imposed by FACTA, namely, the truncation of the card number and the card expiration date. The plain language of the statute mandates that an entity that accepts credit or debit cards for the transaction of business print no more than the last 5 digits of the card number *or* the expiration date upon any receipt provided to the cardholder at the point of the sale. *See* 15 U.S.C. § 1681c(g). It does *not*, in contrast, permit such an entity to print *both* the last five digits of a card number *and* the expiration date. Any argument that Congress intended to approach post-Clarification Act violations resulting from the improper truncation of a card number in a different

manner than violations resulting from the improper truncation of a card expiration date defies the plain language of the statute, which does not distinguish between the two truncation requirements. *See Redman*, 768 F.3d at 626 (finding that "expiration dates combined with the last four or five digits of an account number can be used to bolster the credibility of a criminal who is making pretext calls to a card holder in order to learn other personal confidential financial information") (citation to record omitted).

Wood has alleged that, despite having knowledge of the truncation requirements imposed by FACTA, Jimmy Choo presented her with a printed receipt containing her credit card expiration date. *See* Compl. ¶¶ 19 ("Not only was Defendant informed it could not print the expiration date of credit cards, it was contractually prohibited from doing so [by several major credit card companies]."), 23 (citing previous suit filed against Defendant for same FACTA violation in 2008), 26 ("Plaintiff paid for the subject goods using her personal Master-Card credit card at which time she was presented with a printed receipt bearing the expiration date of her credit card."); *Redman*, 768 F.3d at 638 (finding that willfulness determination in FACTA class action lawsuit was "straightforward" where defendant violated a parallel state statute years earlier).

These allegations by themselves demonstrate an injury in fact. "[T]he fallacy of Defendant's argument [to the contrary] is that it does not address the role of Congressional findings." *Altman*, 2016 WL 3946780, at *6. Through FACTA, Congress created a substantive legal right for Wood and other card-holding consumers similarly situated to receive receipts truncating their personal credit card numbers and expiration dates and, thus, protecting their personal financial information. *See Steinberg*, 2009 WL 2589142, at *3 ("Plain-

tiff alleges that Defendant had actual and constructive knowledge of FACTA's requirements several years before it was required to come into compliance, but nonetheless ignored these requirements after FACTA became effective. These allegations are sufficient to infer that Defendant acted knowingly or recklessly when it violated the statute."); *McCamis v. Servis One, Inc.*, No. 8:16–CV–1130–T–30AEP, 2016 WL 4063403, at *2 (M.D.Fla. July 29, 2016) (ruling that, under FDCPA, plaintiff had "statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt" for which he was no longer responsible).

Because Wood suffered a concrete harm as soon as Jimmy Choo printed the offending receipt, the Complaint alleges an injury in fact sufficient to confer standing. *See, e.g., Guarisma*, 209 F.Supp.3d, 2016 WL 4017196, at *4 ("Guarisma personally suffered a concrete harm in receiving a receipt that violated this statute[; therefore,] Guarisma has sufficiently alleged an injury-in-fact so as to confer standing.") The Court, as a result, has subject matter jurisdiction over this dispute. Jimmy Choo's argument for dismissal on the basis of lack of jurisdiction is rejected as irreconcilable with applicable pre- and post-*Spokeo* case law doctrine and legislative intent.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [44]**, is **DENIED**. Jimmy Choo shall answer or otherwise respond to Wood's Complaint **no later than August 22, 2016.**

**DONE AND ORDERED** in Miami, Florida, this 10th of August, 2016.