[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-13647

Non-Argument Calendar

————————————————

BRIAN K. RICE,

Plaintiff-Appellant,

*versus*

CHIEF EXAMINER OF THE ALABAMA DEPARTMENT OF
EXAMINERS OF PUBLIC ACCOUNTS,
EXAMINER OF THE ALABAMA DEPARTMENT OF
EXAMINERS OF PUBLIC ACCOUNTS,
NEVA CLAIRE CONWAY,
in her individual capacity and official capacity
as legal counsel for Alabama Real Estate
Appraisers Board,
LISA C. BROOKS,
in her individual capacity and official capacity

2                    Opinion of the Court                    24-13647

as Executive Director, Alabama Real Estate
Appraisers Board,
SYNOVUS BANK, et al.,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:24-cv-00033-ACA

_____

Before NEWSOM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

In September 2019, Plaintiff Brian Rice received an appraisal report for certain properties he owned that he believed fraudulently valued those properties at $0.  Over four years later, Rice, proceeding *pro se*, sued the appraisal company, the bank that hired the appraisal company, Alabama's Real Estate Appraiser's Board, the Alabama Department of Examiners of Public Accounts, and the Jefferson County Board of Equalization, alleging a wide-ranging conspiracy by private and state actors to deprive him of his property rights in violation of the Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1981, and 18 U.S.C. §§ 656 and 1964.  The district court dismissed Rice's complaint in its entirety, and Rice appealed.  After careful review, we affirm the district court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In July 2018, Rice sought to secure a loan from Synovus Bank to maintain and develop certain properties he owned in Birmingham.  Securing the loan required an appraisal of those properties, so Synovus had CBRE, Inc., an appraisal company, perform an appraisal in July 2019.  CBRE appraised Rice's land at $45,000 and valued the proposed building improvements at $0.  The properties lacked value, CBRE explained, because they were in such disrepair that they needed to be demolished.  Synovus then declined to lend Rice the money he sought.

Rice, however, alleges that CBRE's appraisal was "predetermined" and unfair.  He contends that the appraisal report (1) omitted that Rice was making rent off the properties and (2) used inappropriate comparables.  Rice sought a new appraisal, and, alternatively, review of CBRE's appraisal from the Alabama Real Estate Appraisers Board (AREAB) to no success.

His disagreement with CBRE's appraisal notwithstanding, Rice figured he could at least use it to lower his property taxes; just that year, the Jefferson County Board of Equalization (JCBOE) had valued his properties at $229,790.  He contacted the JCBOE in December 2020 requesting a tax adjustment, but was denied the request and told to wait until the 2021 tax season.  Rice re-filed his request on July 26, 2021, and this time the JCBOE valued his properties at $122,800.

In April 2023, the Alabama Department of Examiners of Public Accounts (ADEPA) reached out to Rice to let him know that

4                    Opinion of the Court                24-13647

they received the complaint he had lodged with the AREAB concerning CBRE's appraisal and requested further information from him.  Rice sent back a comprehensive letter detailing his grievances with CBRE and the AREAB, but the ADEPA never responded.

On January 10, 2024, Rice filed suit against certain employees of the ADEPA, the AREAB, Synovus, CBRE, and the JCBOE, in both their private and official capacities,[1] alleging 11 Counts under the Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1981, and 18 U.S.C. §§ 656 and 1964 for the deprivation of his property rights.  Rice also sought to have the district court judge, Judge Annmarie Carney Axon, recused because she represented Synovus, First Commercial Bank,[2] and the State of Alabama in her private practice.  The district court denied Rice's motion to recuse and granted the Defendants' motions to dismiss.  As relevant to this appeal, the district court held that Rice's claims against (1) the Synovus and CBRE Defendants were time-barred by the applicable statutes of limitations; (2) the ADEPA and AREAB Defendants

---

[1] Specifically, Rice sued (1) Rachel Riddle, Chief Examiner of the ADEPA, and Charles Bass, an ADEPA examiner (the "ADEPA Defendants"); (2) Lisa Brooks, Executive Director of the AREAB, and Neva Conway, legal counsel for AREAB (the "AREAB Defendants"); (3) Synovus Bank, Nelson Bean, Division CEO of Synovus, and Bill Inabinet, a Synovus Regional Sales Manager (the "Synovus Defendants"); (4) CBRE, Barry Harvill, a CBRE Vice President, and Ronald Neyhart, a CBRE senior managing director (the "CBRE Defendants"); and (5) Maria Knight, Chairman of the JCBOE ("JCBOE").

[2] Nelson Bean, a named defendant in the suit, previously served as CEO of First Commercial Bank.

failed for lack of standing; and (3) the JCBOE were barred under the Tax Injunction Act. Rice timely appealed.

## II.    STANDARDS OF REVIEW

We review *de novo* the district court's dismissal of a complaint for failure to satisfy the statute of limitations. *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007). We review the dismissal of a complaint for lack of standing *de novo*. *Scott v. Taylor*, 470 F.3d 1014, 1017 (11th Cir. 2006). We review the district court's interpretation of the Tax Injunction Act *de novo* and its factual findings on jurisdiction for clear error. *I.L. v. Alabama*, 739 F.3d 1273, 1282 (11th Cir. 2014). We review a district judge's denial of a recusal motion for abuse of discretion. *Jenkins v. Anton*, 922 F.3d 1257, 1271 (11th Cir. 2019). We review a district court's denial of leave to amend a complaint for abuse of discretion. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1092 (11th Cir. 2021).

## III.    ANALYSIS

### A. Rice's RICO and state fraud claims against the CBRE and Synovus Defendants are time barred.

In Counts Nine and Ten of his complaint, Rice asserted civil RICO and state law fraud claims against the CBRE and Synovus Defendants. The district court dismissed both claims as barred by the statute of limitations. We agree.

The statute of limitations for a civil RICO claim is four years, running from "when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be

part of a pattern of racketeering." *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013) (quoting *Maiz v. Virani*, 253 F.3d 641, 676 (11th Cir.2001)).  And the statute of limitations for Rice's state fraud claims is only two years, running from discovery "of the fact constituting the fraud."  Ala. Code § 6-2-3.

Here, Rice's alleged injury arises from CBRE's appraisal report, which was issued and provided to Synovus in June 2019.  Rice knew about the CBRE appraisal, at the very latest, by September 2019, when he lodged his complaint with the AREAB.  So Rice's RICO and state fraud claims against the CBRE and Synovus Defendants started accruing in September 2019 and expired in September 2023, long before Rice filed suit on January 10, 2024.  They are therefore time-barred.

On appeal, Rice does not dispute that he was aware of the appraisal report's allegedly fraudulent nature in September 2019.  Instead, he contends that the subsequent fraudulent actions by the ADEPA and AREAB—effectively covering up the fraudulent report—extended the limitations period for his claims against the Synovus and CBRE Defendants.  Our precedent forecloses this argument.

In *Lehman v. Lucom*, we explained that a "plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period," 727 F.3d at 1331 (quoting *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997), and that, by extension, when an injury is a "continuation of [an] initial injury," it "is not *new and*

independent," id. (quoting *Pilkington v. United Airlines*, 112 F.3d 1532, 1537–38 (11th Cir.1997) (emphasis in original)).  So even assuming (charitably) that Rice adequately alleged a cover-up by the ADEPA and AREAB, those actions are merely a continuation of the only injury he alleges—loss of property value due to the fraudulent appraisal.  And the statute of limitations for that injury accrued in September 2023.[3]  We therefore reject Rice's attempt to use the ADEPA's and AREAB's alleged cover-up of the fraudulent appraisal report as a "bootstrap" to salvage his time-barred claims against the CBRE and Synovus Defendants.  *See Lehman*, 727 F.3d at 1331.

### B.  Rice lacks standing to bring his claims against the AREAB and ADEPA Defendants.

To have standing, a plaintiff must show: "(1) [he] has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision."  *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).

Here, the district court found that Rice's alleged injury—the loss of his properties' value due to the appraisal report—was not

---

[3] We also do not find persuasive Rice's invocation of the *Pinkerton* doctrine, as he provides no basis to apply that criminal conspiracy doctrine to a civil RICO claim.  *See Pinkerton v. United States*, 328 U.S. 640 (1946).

8                        Opinion of the Court                    24-13647

traceable to the conduct of the AREAB and ADEPA Defendants. We agree with the district court.

Traceability requires "a causal connection between the plaintiff's injury and the defendant's legal violation." *Walters v. Fast AC, LLC*, 60 F.4th 642, 650 (11th Cir. 2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). While this causal connection is less stringent than proximate causation, the plaintiff must at least demonstrate factual causation between his injuries and the defendant's misconduct. *Id.* We have therefore "held traceability to be lacking if the plaintiff would have been injured in precisely the same way without the defendant's alleged misconduct." *Id.* (quotation marks omitted).

All actions committed by the AREAB and the ADEPA that Rice takes issue with—essentially, their non-action in the face of complaints lodged against CBRE—occurred well after CBRE issued its appraisal report. Rice's injury, the depreciation of his properties' value resulting from CBRE's appraisal and Synovus' acceptance of that appraisal, could not have resulted from the AREAB's and ADEPA's *subsequent* failure to investigate and discipline CBRE for its allegedly fraudulent report;[4] Rice "would have been injured in precisely the same way without [AREAB's and

---

[4] And these regulatory entities' failure to discipline CBRE alone is not an independent injury because Rice does not have a cognizable interest in such disciplinary proceedings. *See Smith v. Shook*, 237 F.3d 1322, 1324 (11th Cir. 2001) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, (1973) (a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).

ADEPA's] misconduct." *Id*.  We therefore affirm the district court's dismissal of Rice's claims against the AREAB and ADEPA Defendants.

### C. The Tax Injunction Act bars Rice's claims against the JCBOE.

In Counts Two, Three, Six, Eight, Nine, and Ten, Rice alleged that the JCBOE discriminatorily denied him the right to protest his property valuation and failed to lower his valuation consistent with the CBRE appraisal.  We agree with the district court that we do not have subject matter jurisdiction to hear these claims under the Tax Injunction Act, 28 U.S.C. § 1341 (TIA).

The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  "The limitation imposed by the act is jurisdictional; it embodies the general principle that the jurisdiction of the federal courts to interfere with so important a local concern as the collection of taxes must be drastically limited."  *Turner v. Jordan*, 117 F.4th 1289, 1300 n.13 (11th Cir. 2024) (quotation marks and emphasis omitted), *cert. denied*, No. 24-765 (U.S. Apr. 21, 2025).  The plaintiff has the burden to show facts sufficient to overcome the jurisdictional bar of the Tax Injunction Act.  *Smith v. Travis County Educ. Dist.*, 968 F.2d 453, 456 (11th Cir. 1992).

Rice's grievance with the JCBOE is ultimately that it should have reassessed his property taxes in line with the CBRE appraisal,

or at the very least granted him a hearing to explain why. Any determination that the JCBOE should have assessed Rice's taxes differently or followed the appropriate procedures in assessing his taxes, and attendant award of injunctive relief or damages, contravenes the TIA's bar on federal court meddling in the "the assessment, levy, or collection of any tax under State law." 28 U.S.C. § 1341; *see A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1133 (5th Cir. 1980) (the TIA bars [a] "federal court suit for damages against a state tax administrator");[5] *see also Kelly v. Alabama Dep't of Revenue*, 638 F. App'x 884, 889 (11th Cir. 2016) ("This Court has explicitly relied on both the TIA and comity to conclude that a district court lacked subject matter jurisdiction in a state-tax dispute requesting damages and declaratory relief."). And because Rice does not adequately contend that Alabama does not provide him a sufficient remedy for his grievance,[6] we agree with the district court that Rice's claims against the JCBOE are barred.

---

[5] In *Bonner v. City of Prichard*, we adopted as binding precedent the decisions of the former Fifth Circuit handed down on or before September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981).

[6] Indeed, in Alabama, a taxpayer may appeal to the Alabama Tax Tribunal from any final assessment within 60 days from the mailing of the final assessment. Ala. Code. § 40-2A-7(b)(5)(a). Alternatively, the taxpayer may appeal from any final assessment to either the circuit court of Montgomery County, or the circuit court of the county in which he resides, within 60 days of mailing of the final assessment. *Id*. § 40-2A-7(b)(5)(b). Both avenues of relief are sufficiently "plain, speedy, and efficient[.]" *Williams v. City of Dothan*, 745 F.2d at 1411.

### D. The District Court did not abuse its discretion in denying Rice's recusal motion.

Rice moved to recuse Judge Annemarie Carney Axon, the district court judge below, on the grounds that during her time in private practice she represented the State of Alabama, First Commercial Bank, and Synovus Bank, and that Synovus's office is in the same building as Judge Axon's former firm. Specifically, Rice argued that Judge Axon's impartiality could be questioned because several defendants are employees of Alabama state entities, Synovus Bank is a defendant in the action, and the current Synovus CEO formerly served as CEO of First Commercial Bank. The district court denied Rice's motion to recuse, explaining that none of the identified prior representations concerned the claims at bar.

We conclude that the district court did not abuse its discretion because Rice failed to allege facts that could "reasonably [] question" Judge Axon's impartiality. *See* 28 U.S.C. §455(a). Neither the State of Alabama nor First Commercial Bank are defendants here; and Judge Axon's former representation of Synovus had nothing to do with this action. *See id.* § 455(b) (recusal required where judge "in private practice…served as lawyer in the matter in controversy."). Moreover, Judge Axon last worked in private practice in 2018, about 6 years before adjudicating this case—"many judges [ ] sit, usually after a self-imposed cooling off period, on cases involving former clients[.]" *In re Martinez-Catala*, 129 F.3d 213, 221 (1st Cir. 1997). "[C]onsidering that the standard of review is abuse of discretion, we will affirm a district judge's refusal to recuse himself unless we conclude that the impropriety is clear and one which

12                    Opinion of the Court                    24-13647

would be recognized by all objective, reasonable persons." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999). Any purported impropriety here is not "clear." *Id.* We therefore affirm the district court's denial of Rice's recusal motion.

### E. The District Court did not abuse its discretion in denying Rice leave to amend his claims against the Synovus and CBRE Defendants.[7]

On appeal, Rice appears to argue that the district court erred by not providing him another opportunity to amend his complaint.[8] We disagree.

"A district court may properly deny leave to amend the complaint…when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). A proposed amendment is futile if the complaint, as amended, would still be subject to dismissal. *Id.* at 1263. And while a district court generally must give a *pro se* plaintiff at least one chance to amend his complaint before dismissing the action with prejudice, it need not grant leave to amend when "a more carefully drafted complaint

---

[7] Given that the district court dismissed Rice's claims against the AREAB, ADEPA, and JCBOE Defendants without prejudice we construe Rice's argument here to concern his claims against the Synovus and CBRE Defendants. Rice may refile his claims against the AREAB, ADEPA, and JCBOE Defendants, if he so wishes.

[8] Rice also appears to take issue with the district court's analysis of his complaint as a shotgun pleading. But the district court's analysis *favored* Rice, concluding that, although garbled, his amended complaint adequately outlined the basis of his claims.

could not state a claim." *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation marks omitted).

Here, we conclude that the district court did not abuse its discretion in declining to grant Rice leave to amend his claims against the Synovus and CBRE Defendants, as a more specific pleading could not have remedied the fact that they were time-barred by the applicable statutes of limitations. *Id.* Accordingly, we affirm as to this issue.

## IV.    CONCLUSION

For all these reasons, we affirm the district court's dismissal of Rice's complaint. We also conclude that the district court did not abuse its discretion in denying Rice's recusal motion and Rice's request to amend his complaint.

**AFFIRMED.**