[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10 2001
THOMAS K. KAHN
CLERK

_____

No. 99-8105
Non-Argument Calendar
_____

D. C. Docket No. 98-00159-CV-6

CHARLES BRADFORD SMITH,

Plaintiff-Appellant,

versus

MITCHELL MCKINLEY SHOOK,
CHRIS A. FOSTER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____
**(January 10, 2001)**

Before ANDERSON, Chief Judge, WILSON and COX, Circuit Judges.

PER CURIAM:

Charles Bradford Smith appeals pro se from the district court's order dismissing his claims against multiple defendants under 42 U.S.C. § 1983. In this opinion, we address Smith's appeal of the district court's dismissal of two of his individual § 1983 claims: one against defendant Paula Frederick, Deputy General Counsel for the State Bar of Georgia, and one against Chris Foster, State of Georgia Administrative Law Judge. We resolve Smith's other claims on appeal in an unpublished appendix. The issues that warrant publication relate to (1) the district court's holding that Smith lacked standing to challenge Frederick's decision not to prosecute Smith's former attorney, and (2) the district court's holding that Foster was entitled to judicial immunity for his actions taken as an administrative law judge. We affirm the district court's holding with respect to each of these issues.

## I. BACKGROUND

Smith was a correctional officer with the Georgia Department of Corrections whose employment was terminated when he allegedly assaulted a fellow correctional officer. Smith hired attorney Mitchell Shook to represent him at a State Personnel Board termination hearing before Administrative Law Judge ("ALJ") Chris Foster. Shook, ALJ Foster, and Department of Corrections Counsel Stephen Pereira (not a party to this action) canceled the hearing. According to Smith, the hearing was not

2

rescheduled; instead, Shook presented a settlement offer to Smith, which Smith refused. Smith and Shook agreed that Shook would no longer represent Smith. Shook refused Smith's demand to refund the $1,000 Smith had paid him for representation. Smith proceeded without counsel at a rescheduled hearing. Foster presided over the hearing and ruled against Smith. Smith complained about Shook to the State Bar of Georgia, but Bar Counsel Paula Frederick declined to prosecute Smith's complaint, and recommended fee arbitration.

Smith then filed a pro se complaint in the district court, asserting individual § 1983 claims against Shook and other members of his law firm, and against Foster and Frederick. As noted above, we address in this opinion only two of Smith's claims relating to Frederick and Foster. Defendant Frederick moved to dismiss for lack of standing to challenge her decision not to prosecute Shook. Defendant Foster moved to dismiss based on judicial immunity. The district court held that Smith lacked standing to challenge Frederick's decision not to prosecute Smith's former attorney; and the district court held that Foster was entitled to judicial immunity for his actions taken as an administrative law judge. Smith appeals.

## II. DISCUSSION

A. Claim Against Frederick:

3

Smith argues that the district court erred by finding Frederick was shielded from suit by immunity; however, the court did not analyze Smith's claims against Frederick on immunity grounds. Instead, the court held that Smith lacked standing to sue Frederick for refusing to prosecute a state bar complaint against Smith's former attorney, Mitchell Shook. We review de novo a district court's dismissal of a complaint for lack of standing. See Georgia State Conference of NAACP Branches v. Cox, 183 F.3d 1259, 1262 (11th Cir. 1999).

This Court has not previously addressed the issue of whether a complainant has standing to sue a state bar grievance officer based on the officer's refusal to prosecute an attorney for alleged ethics violations. It is clear, however, that "a citizen lacks standing to contest the policies of the [criminal] prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. . . . [A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 1149 (1973). The Tenth Circuit has relied on Linda R.S. to hold that a complainant lacked standing to sue, inter alia, members of the Oklahoma State Bar's Professional Responsibility Commission for refusing to prosecute an ethics complaint, because the Commission acted in a prosecutorial capacity. See Doyle v. Oklahoma Bar Assn., 998 F.2d 1559, 1566 (10th Cir. 1993) (citing Linda R.S., 410 U.S. at 619, 93 S.Ct. at 1149).

4

In this case, Frederick acted in a comparable prosecutorial capacity. As Deputy General Counsel for the State Bar of Georgia, Frederick is empowered by the Georgia Supreme Court to receive and screen grievances, and has discretion to dismiss a grievance "analogous to the discretion exercised by a prosecutor in [the] criminal justice system in deciding which defendants to prosecute and which cases to dismiss prior to indictment." Scanlon v. State Bar of Georgia, 443 S.E.2d 830, 831 (Ga. 1994).

We agree with the reasoning of the Tenth Circuit, and hold that Smith lacked standing to challenge Frederick's decision not to prosecute Smith's former attorney. Therefore, we affirm the judgment of the district court with respect to this issue.

B.  Claim Against Foster:

The district court held that Foster was entitled to absolutely immunity from liability for any undertaking in furtherance of his official duties. We review de novo a district court's grant of judicial immunity. See Ellis v. Coffee County Bd. of Registrars, 981 F.2d 1185, 1189-90 (11th Cir. 1993).

This Court has not previously addressed the issue of whether judicial immunity applies to a state administrative law judge like Foster. Generally, judicial immunity applies to a judge who dealt with the plaintiff in a judicial capacity and did not act in

5

the "clear absence of all jurisdiction." Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). The Supreme Court has held that federal ALJ's are entitled to absolute judicial immunity because their responsibilities are functionally comparable to those of trial judges, including issuing subpoenas, ruling on evidence, regulating hearings, and making or recommending decisions. See Butz v. Economou, 438 U.S. 478, 513, 98 S.Ct. 2894, 2914 (1978). Relying on Butz, this Court has granted judicial immunity to justices of the peace, despite their limited jurisdiction. See Turner v. Raynes, 611 F.2d 92, 96-97 (5th Cir. 1980).[1]

The Supreme Court has enumerated several factors used to determine whether an official's function is sufficiently judicial to confer absolute immunity. See Cleavinger v. Saxner, 474 U.S. 193, 202, 106 S.Ct. 496, 501 (1985). These factors include: "(a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." Id.

The application of Cleavinger's functional analysis to Foster supports a grant

---

[1] The Eleventh Circuit, in the en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

of judicial immunity. With respect to Smith's employment appeal, Foster functioned in a classic adjudicatory role as it is defined by the factors enumerated in Cleavinger. The record indicates that Smith was provided with a full and fair adversarial hearing, over which ALJ Foster presided. Foster performed judicial functions including, inter alia, taking evidence and issuing a written opinion. Foster's decision was appealable to the State Personnel Board. Considering these facts, we conclude that Foster's role as a state ALJ was functionally comparable to that of a trial judge or a federal ALJ. Further, as is the case with trial judges and federal ALJ's, absolute immunity is necessary for state ALJ's to ensure that they can perform their functions without harassment or intimidation. Therefore, we affirm the district court's holding that Foster was immune from suit for Smith's claims concerning Foster's performance of his judicial duties.

For the foregoing reasons, the judgment of the district court with respect to these issues relating to defendants Frederick and Foster is

**AFFIRMED**.[2]

---

[2] The rest of Smith's arguments on appeal are addressed in a separate, unpublished appendix, which affirms the district court's judgment with respect to Smith's other claims. Appellant's request for oral argument is denied.