[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11053
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-23237-CV-AJ

JOHANNA GARCIA,

Plaintiff-Appellant,

versus

MIAMI BEACH POLICE DEPARTMENT,
Internal Affairs Division,
SGT HAN,
SGT ORTEGA,
DET. ELLEN ROELOFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 4, 2009)

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Johanna Garcia, proceeding pro se, appeals the district court's dismissal for failure to state a claim upon which relief could be granted of her amended complaint.

Garcia filed a complaint, pursuant to 42 U.S.C. § 1983, against the Miami Beach Police Department alleging, in sum, that officers in the police department's Internal Affairs Division refused to seriously investigate and prosecute a case against unidentified officers who allegedly sexually assaulted her. The district court sua sponte reviewed her complaint and issued an order holding that the failure to prosecute another does not yield a cognizable cause of action and, alternatively, the Miami Beach Police Department is not a "person" subject to suit under 42 U.S.C. § 1983.[1] The court dismissed Garcia's complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Garcia filed an amended complaint, adding Detective Roeloff and Sergeants Ortega and Han, the three officers to whom she reported the sexual assault, as defendants. Her amended complaint repeated essentially the same allegations as her initial complaint, but added more detail. Specifically, she alleged that: (1) the

[1] In the same order, the district court granted Garcia's motion to proceed in forma pauperis.

2

officers did not use a recording device or take notes when they interviewed her; (2) from the start of the interview, the officers had no intention to proceed further with the complaint; (3) the officers failed to investigate the details that she provided; (4) Ortega screamed three times at Garcia, "How much money do you want?"; and (5) Ortega drafted a intra-department memorandum fraught with lies about the interview.

The district court dismissed the amended complaint for failure to state a claim. Garcia now appeals, arguing that she stated valid claims under 42 U.S.C. § 1983 for defamation[2] and failure to prosecute her claims.[3]

We liberally construe pro se pleadings, holding them to a less stringent standard than attorney-drafted pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). We review a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim de novo and view the allegations in the complaint as true. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[2] Garcia actually frames her cause of action as slander, but the facts she cites in support of this claim relate to information contained in Ortega's written memorandum. Because slander only applies to oral falsehoods, we construe Garcia's allegations as alleging defamation, which encompasses both oral and written falsehoods. See Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1580 (11th Cir. 1988).

[3] Garcia also argues that she was discriminated against based on her marital status, but we will not entertain this argument because it was not raised in her pleadings and is being presented for the first time on appeal. See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001).

The same standards governing dismissals under Federal Rule of Civil Procedure 12(b)(6) apply to § 1915(e)(2)(B)(ii) cases. Id.

We first conclude that Garcia lacks standing to bring a § 1983 claim for failure to prosecute. "[S]tanding is a threshold jurisdictional question that should be addressed prior to and independent of the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (citation omitted). We review de novo the question of whether a plaintiff has standing to bring suit in federal court. Fla. Family Policy Council v. Freeman, 561 F.3d 1246, 1253 (11th Cir. 2009). The Supreme Court has held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973), and this court has extended this rule not only to prosecutors, but those acting in a "prosecutorial capacity." Smith v. Shook, 237 F.3d 1322, 1324 (11th Cir. 2001). In the instant case, the Miami Beach Police Department Internal Affairs Division acted in a prosecutorial capacity by investigating the claim and choosing not to bring charges or investigate further. Thus, Garcia lacks standing to assert a claim against the police department or its officers for damages for failing to prosecute her unidentified attackers. See id. (concluding that the plaintiff lacked standing to bring a claim against the state bar's legal counsel for declining to prosecute the plaintiff's former attorney).

4

Next, we address Garcia's defamation claim. Garcia argues that the district court erred by not construing her amended complaint to include a claim for defamation. She alleges the Ortega's memorandum contained numerous lies, including that Garcia's primary motivation for the investigation was money, that she was clearly intoxicated or on medication when she first spoke with Ortega on the telephone, and that she laughed when making her statement regarding the assault.

We have no jurisdiction over this claim. Defamation is a state la w tort. See Siegert v. Gilley, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); Where this court has original jurisdiction over a claim, it may exercise supplemental jurisdiction over state law claims related to the federal claim. 28 U.S.C. § 1367(a). Because Garcia lacks standing to bring the § 1983 failure to prosecute claim, however, supplemental jurisdiction is unavailable. Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) ("[O]nce the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims"). Thus, an independent jurisdictional basis is needed in order for there to be federal jurisdiction over Garcia's defamation claim. Even construing Garcia's pleadings and brief liberally,

5

we conclude she does not allege an independent basis for jurisdiction. She does not assert diversity and allegations of defamation, on their own, are insufficient to state a federal claim. See Paul v. Davis, 424 U.S. 693, 706 (1976); see also Cannon v. City of West Palm Beach, 250 F.3d 1299, 1302 (11th Cir. 2001) (to state a § 1983 claim based on defamation, the plaintiff "must establish the fact of defamation 'plus' the violation of some more tangible interest"). Accordingly, even assuming arguendo that Garcia stated a viable state-law defamation claim, there is no basis for federal jurisdiction over her claim.

We thus conclude that the district court did not err in dismissing Garcia's amended complaint.

**AFFIRMED.**