[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15398
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-02645-CV-WSD-1

MIKE REDFORD,

Plaintiff-Appellant,

versus

JUDGE CYNTHIA WRIGHT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 12, 2010)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Plaintiff, proceeding pro se, brought this lawsuit against defendant, a judge of the Fulton County, Georgia Superior Court, claiming that she had violated his civil rights by issuing protective orders, affecting his visitation rights with his children, and seeking relief under 42 U.S.C. § 1983. The district court dismissed his complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). He now appeals, arguing that (1) the district judge erred in dismissing his case without considering its constitutional merits, and (2) the district judge and magistrate judge to whom the case was referred should have recused.

We review the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim *de novo*. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We also review *de novo* the district court's grant of judicial immunity. *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001). Where, as here, a plaintiff fails to request a judge to recuse, we review for plain error whether the judge should have recused sua sponte. *See Hamm v. Members of the Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983).

Under 28 U.S.C. § 1915(e)(2), a court must "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2).

A judge acting in his or her judicial capacity is entitled to absolute immunity from liability for damages under § 1983 unless he or she acts in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 355-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); *see also Scott v. Hayes*, 719 F.2d 1562, 1567 (11th Cir. 1984) (holding that a judge performing judicial acts in a matter over which he had jurisdiction is entitled to immunity for his actions under Section 1983). We have also extended judicial immunity to cases seeking injunctive relief against the judge. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).

Recusal is required in certain circumstances, including when the judge "has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b). Mere adverse rulings do not constitute the sort of pervasive bias that necessitates recusal. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

We have reviewed the district court's order and conclude that it comprehensively analyzes plaintiff's claim according to the applicable legal standards. For the reasons the district court stated in dismissing the complaint, we conclude that the district court did not err in finding that defendant was entitled to judicial immunity. Moreover, because plaintiff has failed to offer any evidence of personal bias or prejudice on the part of the district judge or the magistrate judge,

3

these judges committed no plain error in not stepping down.

AFFIRMED.