[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15411
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-21374-MGC

MICHAEL A. MAPS,

Plaintiff-Appellant,

versus

MIAMI DADE STATE ATTORNEY,
Katherine Fernandez-Rundle,
JUDGE JASON E. BLOCH,
AMANDO NEWMAN,
Prosecutor's Office,
ALYSSA DELGADO,
Prosecutor's Office,
FRED J. MOLDOVAN,
Attorney at Law, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 11, 2017)

Before HULL, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Michael A. Maps, a state inmate, appeals the *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of his "Final Amended Complaint" (here, the "complaint") for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983 against Florida Circuit Court Judge Jason E. Bloch and Assistant State Attorney Amanda Newman.[1]  After careful review, we affirm.

I.

According to the complaint, Newman charged Maps with a Florida sexual battery offense, and the case was assigned to Bloch.  The complaint made three primary allegations concerning Newman and one concerning Bloch.  First, the complaint alleged that Newman violated Maps's constitutional rights by charging him via an information rather than an indictment.  Second, the complaint alleged that Newman violated the Ex Post Facto Clause of the United States Constitution by prosecuting Maps on a crime for which the statute of limitations had run.  Third, the complaint alleged that Newman lacked the evidence necessary to prove that a sexual battery had occurred.  With respect to Bloch, the complaint alleged that his "silent action of approval" of Newman's conduct amounted to a constitutional

---

[1] Although Maps initially sued several other officials, only Bloch and Newman are parties to this appeal.

2

violation.  Doc. 16 at 28.[2]  Maps sought monetary damages and injunctive relief in the form of release from prison.

A magistrate judge issued a report and recommendation ("R&R") recommending that the complaint be dismissed with prejudice for failure to state a claim under § 1915(e)(2)(b)(ii), finding that Bloch and Newman were entitled to immunity from a suit for monetary damages and that Maps's claim for injunctive relief also failed as a matter of law.  The district court adopted the R&R over Maps's objections.  This is Maps's appeal.

I.

We review a district court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6).  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  We also review a district court's grant of immunity *de novo*.  *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001).

To avoid a Rule 12(b)(6) dismissal, a complaint "must contain sufficient factual matter . . . to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A complaint is subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  *Douglas*

---

[2] "Doc." refers to the numbered entry onto the district court's docket in this case.

3

*v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (internal quotation marks omitted). In reviewing the complaint, we accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). *Pro se* pleadings such as Maps's are construed more liberally than those drafted by attorneys. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

The defense of absolute immunity extends both to judges and prosecutors. *Bolin v. Story*, 225 F.3d 1234, 1239, 1242 (11th Cir. 2000). Judges are entitled to absolute immunity from suits arising from acts taken in their judicial capacity "unless they acted in the clear absence of all jurisdiction." *Id.* at 1239 (internal quotation marks omitted). A judge acts in the "clear absence of all jurisdiction" when the matter on which he acts is clearly outside of the subject matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985). Whether a judge acted in his judicial capacity depends on: (1) whether the challenged actions constituted normal judicial functions; (2) whether the events occurred in chambers or open court; (3) whether the controversy involved a pending case; and (4) whether the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Absolute judicial immunity applies even when a judge's acts are erroneous or malicious and protects judges from suits for

money damages as well as injunctive relief, except where "a declaratory decree was violated or declaratory relief was unavailable." *Bolin*, 225 F.3d at 1239 (internal quotation marks omitted).

Prosecutors are entitled to absolute immunity from suits arising from "acts undertaken in preparing for the initiation of judicial proceedings or for trial" and acts that occur in the course of the prosecutor's role as an advocate for the State. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (internal quotation marks omitted). Absolute prosecutorial immunity applies even where a prosecutor files an information without an investigation, offers perjured testimony, or suppresses exculpatory evidence. *Id.* Immunity does not apply, however, where a prosecutor functions as an investigator or complaining witness. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). Although prosecutors are absolutely immune from suits for money damages, unlike judges they do not enjoy absolute immunity from suits for injunctive relief. *See Bolin*, 225 F.3d at 1242.

### III.

On appeal, Maps contends that Bloch and Newman are not absolutely immune from suit because Bloch lacked jurisdiction to allow the case to proceed without a grand jury indictment and under law that violated the Ex Post Facto Clause. He also reasserts entitlement to "injunctive relief," which we liberally construe as an appeal of the district court's dismissal of his claim seeking release

5

from prison.  For the reasons set forth below, we reject Maps's arguments on appeal.

First, the district court properly concluded that Bloch and Newman were entitled to absolute immunity.  There is no basis for Maps's claim that Bloch lacked subject matter jurisdiction over Maps's underlying criminal case such that Bloch was acting in the "clear absence of all jurisdiction."  *See Dykes*, 776 F.2d at 948.  Nor do any of Maps's allegations plausibly suggest that Bloch was acting outside of his judicial capacity, given that the allegations involve Bloch's normal judicial functions and occurred within a courtroom during a criminal proceeding. *See Sibley*, 437 F.3d at 1070.

As to Newman, the prosecutorial actions that Maps challenges—which relate to the manner in which and law under which he was charged and the evidence against him—all arise from Newman's role as an advocate.  *See Hart*, 587 F.3d at 1295.  Maps made no allegation that Newman was acting outside the scope of her prosecutorial duties, for instance, by functioning as an investigator or complaining witness.  *See Rivera*, 359 F.3d at 1353.  Newman therefore is protected from an action for damages.  *See Bolin*, 225 F.3d at 1242.

Because absolute judicial immunity clearly bars recovery on Maps's § 1983 claims against Bloch, and because absolute prosecutorial immunity clearly bars recovery on his § 1983 claims against Newman, to the extent he seeks money

6

damages, the district court's dismissal of these claims was appropriate. *See Douglas*, 535 F.3d at 1321.

Although Newman theoretically could be liable in a suit for injunctive relief, she cannot be held so liable via a suit under § 1983. It is well established that an inmate in state custody "cannot use a § 1983 action to challenge the fact or duration of his confinement" and instead must seek federal habeas corpus or appropriate state court relief. *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005) (quotation omitted). Thus, a § 1983 suit is not the proper vehicle for Maps's request for injunctive relief, and the district court was correct to dismiss this portion of the complaint.

## III.

For the reasons set forth above, we affirm.

**AFFIRMED.**