[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10282
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00250-CG-M


ROOSEVELT WILLIAMS, JR.,

Plaintiff-Appellant,

versus

MONROE COUNTY DISTRICT ATTORNEY,
LISA LYNAM MCDONALD, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 11, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Roosevelt Williams, Jr., proceeding *pro se*, appeals the district court's dismissal of his amended complaint for failure to state a claim for relief and lack of jurisdiction.  Williams brought several claims under federal and state laws against Monroe County ("County"), the Monroe County Courthouse ("Courthouse"), the Monroe County Sheriff's Department ("Sheriff's Department"), the Monroe County District Attorney ("District Attorney"), and three individuals, Lisa McDonald, Jimmy McKinley, and James McKinley.  Williams argues that he is entitled to a jury trial on his claims, which are based on his physical confrontation with the individuals at the Courthouse and his subsequent criminal assault charge.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim for relief.  *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015).  In doing so, we accept all of the complaint's factual allegations as true and consider them in the light most favorable to the plaintiff.  *Id.*  The exercise of supplemental jurisdiction is left to the discretion of the district court and is reviewed for an abuse of discretion.  *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1304 (11th Cir. 2016).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

2

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must provide more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Twombly*, 550 U.S. at 555 (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). A *pro se* pleading is liberally construed and is held to a less stringent standard than an attorney-drafted pleading, but the "pleading must suggest (even if inartfully) that there is at least some factual support for a claim." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

The law of the state in which the district court is located generally determines a party's capacity to sue or be sued. Fed. R. Civ. P. 17(b)(3). A county courthouse in Alabama is a building that is under the control of the county's commission. *See* Ala. Code § 11-14-2 (stating that the "county commission shall have control of all property belonging to the county"); *id.* § 11-14-9 (stating that the "county commission has charge of the courthouse"). "Under Alabama law, a county sheriff's department lacks the capacity to be sued." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (citing *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991)).

The Eleventh Amendment provides sovereign immunity that prevents a state, a state agency, or a state employee acting in an official capacity from being sued in federal court without consent. *Melton v. Abston*, 841 F.3d 1207, 1233 (11th Cir. 2016). An Alabama district attorney is a state employee. *Hooks v. Hitt*, 539 So. 2d 157, 159 (Ala. 1988). A prosecutor has absolute immunity from being sued for actions undertaken while functioning as an advocate for the government. *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (stating that absolute immunity applies to a prosecutor's initiation of a criminal prosecution).

The district court did not err by dismissing Williams's claims against both the Courthouse, which is a building, and the Sheriff's Department, which lacks the capacity to be sued. *See* Ala. Code § 11-14-9; *Dean*, 951 F.2d at 1215. The district court did not err by dismissing Williams's claims against the District Attorney because Eleventh Amendment immunity bars claims against the Monroe County District Attorney's Office and its District Attorneys acting in their official capacities. *See Melton*, 841 F.3d at 1233. In addition, absolute immunity bars claims against the District Attorney for charging Williams with assault. *See Rowe*, 279 F.3d at 1279.

Title 42 U.S.C. § 1983 creates a private right of action to remedy a violation of a right, privilege, or immunity secured by the United States Constitution and federal laws. *See* 42 U.S.C. § 1983. "To establish a claim under § 1983, a plaintiff

4

must demonstrate that a person acting under color of state law deprived him of a federal right." *Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state" or when the manner of his conduct "makes clear that he was asserting the authority granted him and not acting in the role of a private person." *Myers v. Bowman*, 713 F.3d 1319, 1329-30 (11th Cir. 2013) (quotations omitted).

A county in Alabama is a corporate entity that acts through its governing body, the county commission. *Cook v. Cty. of St. Clair*, 384 So. 2d 1, 5 (Ala. 1980). To impose § 1983 liability on a municipality, a plaintiff must show that the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights and caused a violation of those rights. *T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cty.*, 610 F.3d 588, 603 (11th Cir. 2010). A municipality's liability under § 1983 "is limited to action for which the municipality is actually responsible." *Hill v. Cundiff*, 797 F.3d 948, 977 (11th Cir. 2015) (quotation omitted). "[L]ocal governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Turquitt v. Jefferson Cty.*, 137 F.3d 1285, 1292 (11th Cir. 1998) (en banc).

Williams did not allege facts demonstrating a plausible § 1983 claim against the County because he did not assert that the County had a custom or policy that

caused a violation of his constitutional rights.  *See T.W.*, 610 F.3d at 603.  Williams also did not assert that the County had any authority to control the actions of McDonald or the McKinleys, and therefore he did not allege facts demonstrating the County can be held liable under § 1983 for those individuals' actions.  *See Turquitt*, 137 F.3d at 1292.  Finally, Williams did not assert that McDonald or the McKinleys were at any time acting under color of state law, and thus he did not allege facts demonstrating a plausible § 1983 claim against those individuals.  *See Bailey*, 843 F.3d at 480.

"A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Smith v. Shook*, 237 F.3d 1322, 1324 (11th Cir. 2001) (alteration and quotation omitted).  Williams also raised claims against the County, McDonald, and the McKinleys for violations of federal criminal laws, but he lacks a judicially cognizable interest in any of the parties being criminally prosecuted.  *See Smith*, 237 F.3d at 1324.  The district court did not err by dismissing all of Williams's federal claims for failure to state a claim for relief.

A federal district court has supplemental jurisdiction over all claims that form part of the same case or controversy as claims over which the court has original jurisdiction.  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction.  *Id.* § 1367(c)(3).

Because the district court properly dismissed all of the federal claims, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Williams's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). We therefore affirm the district court's dismissal of the amended complaint.

**AFFIRMED.**