[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12190
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-00371-VMC-TBM

MELVIN BLOUGH,

Plaintiff-Appellant,

versus

MORRIS SILBERMAN,
individually and in his official capacity as a Justice within
the Florida Second District Court of Appeals,
MARVA CRENSHAW,
individually and in her official capacity as a Justice within
the Florida Second District Court of Appeals,
DANIEL H. SLEET,
individually and in his official capacity as a Justice within
the Florida Second District Court of Appeals,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 7, 2017)

Before HULL, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

Melvin E. Blough appeals the district court's dismissal of his case as barred by the doctrine of judicial immunity. Prior to the filing of this suit, the Circuit Court of Hillsborough County, Florida entered a "Final Judgment of Dissolution of Marriage," finalizing Blough's divorce from his wife. Blough appealed, but a state appellate court, consisting of the Honorable Morris Silberman, the Honorable Marva Crenshaw, and the Honorable Daniel H. Sleet ("the defendants") affirmed the divorce decree. On appeal, Blough argues that the district court erred in dismissing his case, because the defendants were not entitled to judicial immunity since they improperly affirmed the decision of the state trial court, in violation of the Supremacy Clause of the Constitution. After careful review, we affirm.

We review de novo the dismissal of a complaint based on judicial immunity. Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2001).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation omitted). Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in

2

open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Scott v. Hayes, 719 F.2d 1562, 1565 (11th Cir. 1983). Determination of whether an act is "judicial," depends on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with a judge in his judicial capacity. Mireles v. Waco, 502 U.S. 9, 12 (1991).

Here, the district court properly dismissed Blough's complaint because the defendants were entitled to judicial immunity. Blough's amended complaint reflected that his sole allegations against the defendants were that they affirmed the circuit court's entry of final judgment in his divorce case. As a result, the defendants' actions were taken in their judicial capacity, and their action, entering an order affirming the decision of the circuit court, was a judicial act. Scott, 719 F.2d at 1565; Mireles, 502 U.S. at 12. And even if Blough established that the defendants acted in bad faith or with malice -- which he has not -- this would not overcome their judicial immunity. Pierson, 386 U.S. at 554. What's more, Blough does not argue, and there is no indication from his complaint that, the defendants lacked jurisdiction to hear his case; rather, he only asserts that they improperly failed to apply federal law. Bolin, 225 F.3d at 1239. Accordingly, the district

3

court properly dismissed Blough's suit because the defendants were entitled to judicial immunity, and we affirm.

**AFFIRMED**.