[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11932

Non-Argument Calendar

_____

VINODH RAGHUBIR,
ALL U.S. CITIZENS WITHIN 11TH CIRCUIT BOUNDARIES,

                              Plaintiffs-Appellants,

*versus*

BONNIE JEAN PARRISH,
Florida Attorney General's Office,
ORANGE COUNTY CLERK,
5TH DCA,
WENDY BERGER,
USDC Orlando,
G. KENDALL SHARP,
USDC Orlando, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-01883-GKS-GJK

_____

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Vinodh Raghubir appeals *pro se* the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint, as well as the court's subsequent orders denying his first Federal Rule of Civil Procedure 60(b) motion to vacate that dismissal, and denying his second motion to vacate, which had challenged the denial of his first motion to vacate. After careful review, we affirm.

Raghubir argues that the district judge assigned to Raghubir's case erred in failing to recuse because the district judge was a named defendant in the complaint. Raghubir also argues that the district court erred in determining that absolute immunity protected the other named defendants, who were (1) an employee at the Florida Attorney General's Office; (2) the Orange County, Florida, Clerk of Court; (3) the Florida Fifth District Court of Appeal; and (4) other federal judges. Raghubir contends that he should have been released from prison and should have received

$65 million in damages. He also argues that all of the federal judges within this Circuit should recuse themselves from his case.

First, we address whether all the federal judges in this Circuit should recuse themselves from this case. Second, we discuss whether the district judge should have recused himself. Third, we discuss whether the district court erred in dismissing Raghubir's complaint and denying his motions for reconsideration.

## I.

First, Raghubir argues that all the judges within this Circuit should recuse themselves from his case. Under the "rule of necessity," we have held that a judge need not recuse himself or herself, even if he or she is a named defendant, if all but one of the judges on the court are also named defendants, such that the case cannot be heard by a panel of judges who are not named defendants. *Bolin v. Story*, 225 F.3d 1234, 1238–39 (11th Cir. 2000) (per curiam). In *Bolin*, we noted that the rule of necessity "is generally invoked in cases in which no judge in the country is capable of hearing the case." *Id.* at 1238. But because the plaintiffs in *Bolin* indiscriminately named as parties all but one of the then-current judges on our Court, regardless of whether any particular judge participated in the plaintiffs' prior appeals, we could not convene a panel in which none of the judges had a personal interest in the case. *Id.* at 1239. Thus, we determined that the rule of necessity allowed at least a panel of judges who had not been involved in the plaintiffs' prior appeals to hear the case. *Id.*

Here, the rule of necessity permits us to rule on Raghubir's case, as he has attempted to name every federal judge within this Circuit as a defendant. We accordingly find that all of the federal judges of this Circuit need not recuse themselves from Raghubir's case simply because he has named them as defendants.

## II.

Second, Raghubir argues that the district court judge assigned to Raghubir's case erred in failing to recuse because the district judge was a named defendant. We review for an abuse of discretion a judge's decision whether to recuse himself. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1319–20 (11th Cir. 2002) (per curiam).

We have held that "a district judge must recuse himself 'in any proceeding in which his impartiality might reasonably be questioned.'" *Thomas*, 293 F.3d at 1329 (quoting 28 U.S.C. § 455(a)). A district judge's impartiality may reasonably be questioned when "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Id.* (quotation marks omitted). A judge must also recuse himself when, among other circumstances, he "[i]s a party to the proceeding." 28 U.S.C. § 455(b)(5)(i). Thus, § 455(b) "sets forth specific circumstances requiring recusal, which establish the fact of partiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).

We may review violations of 28 U.S.C. § 455(a) and (b), governing disqualification of federal judges, for harmless error. *Parker*

v. *Connors Steel Co.*, 855 F.2d 1510, 1527–28 (11th Cir. 1988).  But harmless-error review "is neither categorically available nor categorically unavailable for all § 455(a) violations." *Murray v. Scott*, 253 F.3d 1308, 1313 n.8 (11th Cir. 2001) (internal quotation marks omitted, alterations adopted).

The district judge should have recused from this matter because he was a named defendant.  But this error is harmless because, as discussed below, Raghubir's complaint failed to state a claim upon which relief could be granted.[1]

## III.

Last, Raghubir argues that the district court erred in dismissing his complaint by finding that absolute immunity protected the other named defendants.

We liberally construe *pro se* filings.  *Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020).  Section 1915A of the Prison Litigation Reform Act (PLRA) provides that the district court shall pre-screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Then, the district court must identify any cognizable claims, or dismiss the complaint—or

---

[1] Further, in his second motion to vacate (reconsider), Raghubir lists all the judges in the district court to try to conflict out all the judges.  Just as the rule of necessity permits a panel of this Circuit to hear Raghubir's appeal, despite his efforts to conflict out all of the judges, the rule of necessity also allowed the district judge to rule on his motion to vacate.  *See Bolin*, 225 F.3d at 1239.

any part of it—if it, among other things, fails to state a claim upon which relief may be granted or seeks monetary relief from defendants who are immune from such relief. *Id.* § 1915A(b)(1)–(2). A dismissal for failure to state a claim under the PLRA may be with or without prejudice. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). We review de novo a district court's dismissal of a complaint for failure to state a claim, "accept[ing] the allegations in the complaint as true and constru[ing] them in the light most favorable to the plaintiff." *Chua v. Ekonomou*, 1 F.4th 948, 952 (11th Cir. 2021).

A district court may dismiss a complaint for failure to state a claim based on the affirmative defense of judicial immunity "when the defense is an obvious bar given the allegations." *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005). We review de novo the grant of absolute judicial immunity. *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001).

A judge acting within his judicial capacity[2] is entitled to absolute judicial immunity, and is not subject to civil suits for damages, unless he acted "in the clear absence of all jurisdiction." *Bolin*, 225 F.3d at 1239 (internal quotation marks omitted). Absolute judicial immunity applies "regardless of whether [the judge] made a

_____

[2] A judge's actions were made within his judicial capacity if: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070.

21-11932                 Opinion of the Court                              7

mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018). Court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A 1981).[3] Similarly, a "prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (per curiam).

In Raghubir's complaint he names the following as defendants: (1) an employee at the Florida Attorney General's Office; (2) the Orange County, Florida, Clerk of Court; (3) the Florida Fifth District Court of Appeal; and (4) three federal judges. Raghubir largely complains about the outcome of his prior cases in the Florida Fifth District Court of Appeal and the United States District Court for the Middle District of Florida, claiming that the associated judges harmed him while acting in their judicial capacities. Thus, because Raghubir complains about actions that were taken when they were acting in their judicial capacity, the defendant-judges are entitled to absolute judicial immunity. *See Bolin*, 225 F.3d at 1239.

---

[3] We are bound by decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Because the Orange County Clerk of Court's actions arise from duties that were given by judge's orders, the Clerk is entitled to absolute immunity. *See Tarter*, 646 F.2d at 1013. Because the actions taken by Bonnie Jean Parrish from the Florida Attorney General's Office were prosecutorial actions, she enjoys similar prosecutorial absolute immunity. *See Hart*, 587 F.3d at 1295.

Also, Raghubir's primary claim for release from detention cannot be brought in a Section 1983 claim. *See Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 865 (11th Cir. 2017) (A plaintiff seeking to invalidate "his conviction or sentence or change the nature or duration of his sentence" must bring any such claims in a habeas corpus action, not under § 1983.).

Raghubir also argues that the district court erred in denying his motions to vacate its dismissal, which the district court construed as motions for reconsideration under Federal Rule of Civil Procedure 60(b). A district court may relieve a party from a final judgment, order, or proceeding for reasons including "fraud . . . misrepresentation, or misconduct by an opposing party;" "the judgment is void"; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (4), (6). We generally review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

In his motions, Raghubir restates his original claims or raises unsupported allegations. None of those allegations meet any reason under Rule 60 for the district court to relieve Raghubir from the prior dismissal of his complaint.

21-11932               Opinion of the Court                    9

Thus, Raghubir's complaint failed to state a claim upon which relief could be granted because all of the defendants were protected by absolute immunity, and his primary claim was for release, which is unavailable under § 1983. Further, the district court did not abuse its discretion in denying Raghubir's two motions to vacate under Rule 60(b) because he did not show fraud, misconduct, a judicial mistake, or any compelling justification under Rule 60(b) for the requested action.

**AFFIRMED.**[4]

---

[4] We also deny Raghubir's pending motions to take judicial notice.