[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10605

Non-Argument Calendar

_____

JOHNNIE MARENE THOMAS,

                                        Plaintiff-Appellant,

*versus*

JUDGE ROBERT C. SWEATT, JR.,
In his individual and personal capacity,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:22-cv-00139-LGW-BWC

2                     Opinion of the Court                23-10605

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Johnnie Marene Thomas, proceeding *pro se*, appeals the district court's dismissal with prejudice of her 42 U.S.C. § 1983 complaint. The court's basis for dismissal was its conclusion that the defendant, Georgia Probate Judge Robert C. Sweatt, Jr., was entitled to judicial immunity. Ms. Thomas argues that Judge Sweatt was not entitled to judicial immunity because he acted outside of his jurisdiction in adjudicating the estate of her late mother.

We review *de novo* a district court's grant of judicial immunity. *See Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his her jurisdiction." *Id*. "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

We conclude that the district court did not err in dismissing Ms. Thomas' complaint based on judicial immunity. Ms. Thomas' conclusory statements that Judge Sweatt violated his judicial oath and the Constitution lack the specificity required to show that Judge Sweatt acted outside of his jurisdiction as a probate judge. *See Bolin*, 225 F.3d at 1239. Moreover, Ms. Thomas fails to allege any specific facts showing that Judge Sweatt did not have jurisdiction over the adjudication of the estate of her late mother. *See Stump*, 435 U.S. at 356. Indeed, Ms. Thomas contends that Judge Sweatt violated her rights by not awarding her an equal share of the estate. Judge Sweatt's act of disposing of a decedent's estate falls squarely within the jurisdictional authority of a state probate judge. We therefore affirm the district court's dismissal of Ms. Thomas' § 1983 action.

**AFFIRMED.**