[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13971

Non-Argument Calendar

_____

WENDELL TERRY LOCKE,

Plaintiff-Appellant,

*versus*

CHARLES CANADY,
Justice,
RICKY POLSTON,
Justice,
JORGE LABARGA,
Justice,
ALAN LAWSON,
Justice,
CHIEF JUSTICE OF FLORIDA SUPREME COURT, et al.,

2                    Opinion of the Court                    22-13971

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00116-AW-MAF

_____

Before GRANT, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Wendell Locke appeals the district court's dismissal of his § 1983 suit against the Justices and Clerk of the Florida Supreme Court. Because he abandoned any claim against the Clerk, and because his claims against the Justices are barred by the Eleventh Amendment, we affirm.

**I.**

On March 1, 2022, following a lengthy investigation, the Florida Supreme Court suspended appellant Wendell Locke from the practice of law for one year and ordered a taxation of costs. Locke's suspension was to be effective on March 31, 2022, whether or not he filed a motion for rehearing. And that's precisely what he did, petitioning for rehearing on March 16. On the same day, Locke filed this § 1983 suit against the Justices and Clerk of the Florida Supreme Court.

In this suit, Locke challenges the suspension order on several grounds. He claims that he was denied due process and equal protection of the law during the state proceedings and that the defendants initiated the investigation in retaliation for constitutionally protected speech. As a result of those asserted violations, he prays for this Court to enter an order "declaring the March 1, 2022, Order null and void" and "enjoining the [Justices and Clerk] from enforcing the sanctions of suspension and taxing of costs." More generally, because the suspension order was not final at the time of suit, Locke asks this Court to prevent the Justices and Clerk from "admonishing, reprimanding, suspending, disbarring or otherwise disciplining" him.

Locke admits that he raised similar constitutional challenges to the Florida Supreme Court. In fact, the Florida court rejected the very same due process and equal protection challenges that he reasserts in federal court. Locke's only novel claim is his First Amendment retaliation argument. The district court dismissed his claims against the Clerk for lack of standing, and dismissed his remaining claims against the Justices because of judicial immunity and the Eleventh Amendment. This is his appeal.

## II.

We review de novo a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022). Likewise, this Court reviews the grant of immunity de novo. *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001).

An appellant forfeits any argument not briefed on appeal, made in passing, or raised briefly without supporting arguments or authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014) (collecting cases); *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc).

### III.

At the outset, we note that Locke does not challenge the district court's conclusion that he lacked standing to pursue his claims against the Clerk. He has thus forfeited any challenge to that decision, and we do not disturb the district court's conclusion. *See Sapuppo*, 739 F.3d at 681–82.

Locke's remaining claims against the Justices are precluded by the Eleventh Amendment, which bars suits against the State of Florida and its agencies—here, the Justices.[1] *Summit Med. Assocs.,*

---

[1] The Justices assert that the *Rooker–Feldman* doctrine also strips this Court of jurisdiction to hear Locke's claims. *Rooker–Feldman* is a "narrow and limited doctrine" that precludes federal district courts from reviewing or rejecting state-court judgments rendered before the district court litigation began. *Behr v. Campbell*, 8 F.4th 1206, 1212–13 (11th Cir. 2021). For it to apply, the relevant state-court proceedings must have ended at the time of the federal suit. *Nicholson v. Shafe*, 558 F.3d 1266, 1274–75 (11th Cir. 2009). Here, Locke moved the Florida Supreme Court for reconsideration on the same day he filed this § 1983 suit, preventing the state proceedings from ending. *Rooker–Feldman* does not apply. To be sure, because the state court subsequently rejected some of Locke's constitutional claims, preclusion law may still bar his claims. *Behr*, 8 F.4th at 1210. But that is "separate and distinct from *Rooker–Feldman*'s jurisdictional prohibition." *Id.* And it can only be addressed after resolving other threshold jurisdictional issues, including immunity. *See* Fed. R. Civ. P. 8(c)(1).

*P.C. v. Pryor*, 180 F.3d 1326, 1336–37 (11th Cir. 1999). A narrow exception exists, however, under *Ex Parte Young*, for "suits against state officers seeking *prospective* equitable relief to end *continuing* violations of federal law." *Id.* at 1336; *see Ex Parte Young*, 209 U.S. 123 (1908). But the *Ex parte Young* doctrine applies "only to ongoing and continuous violations of federal law"—a plaintiff "may not use the doctrine to adjudicate the legality of past conduct." *Summit Med. Assocs.*, 180 F.3d at 1337 (citing *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986)). So when determining whether a suit falls within this exception, we need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (alteration in original) (quotation omitted).

That standard is not satisfied here, so *Ex parte Young* does not help Locke avoid the Eleventh Amendment bar. On May 16, 2022, the Florida Supreme Court denied Locke's petition for rehearing. *Florida Bar v. Locke*, No. SC19-1913, 2022 WL 1533436 (Fla. May 16, 2022). Locke's one-year suspension from practicing law—which began on March 31, 2022—has thus ended. The end of the suspension proceedings, and the end of the suspension itself, also ended any ongoing constitutional violation. The asserted violations occurred entirely in the issuance of the suspension order or the events leading up to it. Locke argues that he was denied due process and equal protection of the laws during the disciplinary proceedings (for various reasons), and the initiation of the proceedings was an unconstitutional retaliation against protected

speech.  None of these claims allege an ongoing or continuing violation of federal law; all asserted violations ended when the state proceedings ended.  *See Summit Med. Assocs.*, 180 F.3d at 1336–37.

*Ex parte Young* applies only in "cases in which the relief against the state official directly ends the violation of federal law." *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000).  None of Locke's requested relief would remedy whatever constitutional violations (if any) occurred during or as a result of the suspension proceedings.  The Eleventh Amendment thus strips this Court of subject matter jurisdiction over Locke's claims against the Justices. *See S&M Brands, Inc. v. Georgia*, 925 F.3d 1198, 1204 (11th Cir. 2019).

⋆    ⋆    ⋆

Locke has abandoned any challenge to the district court's conclusion that he lacks standing to sue the Clerk.  And his claims against the Justices are barred by the Eleventh Amendment. Accordingly, we **AFFIRM**.