[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 23-12493

Non-Argument Calendar

————————————

MARK KNOX,

Plaintiff-Appellant,

*versus*

JOHNNY HARDWICK,
Judge, Ala. 15th Circuit Court,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cv-00075-WKW-JTA

_____

Before JORDAN, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Mark Knox, proceeding *pro se,* appeals following the district court's dismissal of his complaint against Johnny Hardwick, a Montgomery County, Alabama, Circuit Court Judge. In the complaint, Knox alleged that Judge Hardwick had violated his civil rights in state court when the judge purportedly would not let him speak and directed a bailiff to detain him during proceedings involving medical malpractice claims Knox had brought against a hospital. The district court dismissed Knox's federal complaint on two grounds: (1) it was barred by the *Rooker-Feldman*[1] doctrine; and (2) Judge Hardwick was entitled to judicial immunity. On appeal, Knox argues that the district court erred in dismissing his complaint as barred by judicial immunity. After thorough review, we affirm.

We review *de novo* whether an official is entitled to judicial immunity. *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an action by a litigant proceeding *in forma pauperis* if it is frivolous or malicious or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

---

[1] The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

We liberally construe the pleadings of *pro se* litigants, but we will not "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotations omitted). An appellant abandons any argument not briefed on appeal, made in passing, or raised briefly without supporting arguments or authority. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. *Sapuppo*, 739 F.3d at 680.

Judges are entitled to absolute judicial immunity from damages for their acts taken while acting in their judicial capacity unless they acted in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotations omitted). Thus, a judge enjoys immunity for judicial acts even if he made a mistake, acted maliciously, or exceeded his authority. *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018) (noting that even "a judicial officer who was allegedly motivated to further a conspiracy enjoys absolute judicial immunity"). Further, a judge acts in "clear absence of all jurisdiction" only if he lacked subject-matter jurisdiction. *Id.* at 1332 (quotations omitted).

In this appeal, Knox argues that the district court erred in dismissing his complaint as barred by judicial immunity. Notably, however, the district court dismissed Knox's complaint on *two*

independent grounds – one was that Judge Hardwick was entitled to judicial immunity, and the other was that the *Rooker-Feldman* doctrine barred his claims, since the appropriate course for Knox's challenge to Judge Hardwick's rulings or conduct in the state court litigation should have been to seek relief by pursuing an appeal in that case to the appropriate state court. But Knox failed to challenge the district court's conclusion that his complaint was barred by the *Rooker-Feldman* doctrine, so he has not challenged every stated ground for the judgment against him. As a result, he has abandoned his claim on appeal and the judgment is due to be affirmed on this basis. *Sapuppo*, 739 F.3d at 680.

But, in any event, even if we were to address the argument Knox raises on appeal -- concerning judicial immunity -- we are unpersuaded. The district court did not err in dismissing Knox's complaint as barred by judicial immunity because, assuming the allegations in the complaint to be true, Judge Hardwick would have been acting within his judicial capacity when he ordered the bailiff to detain Knox during proceedings in the judge's courtroom. *Bolin*, 225 F.3d at 1239. Indeed, under Alabama law, "[e]very court" has the "power . . . [t]o preserve and enforce order in its immediate presence . . . as is necessary to prevent interruption, disturbance or hindrance to its proceedings" and "[t]o control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it[.]" Ala. Code § 12-1-7(1),(4). Thus, even if Judge Hardwick had acted maliciously or exceeded his judicial authority when he was attempting to maintain courtroom decorum during Knox's case, he was entitled to judicial

immunity, so long as he was not acting in the clear absence of all jurisdiction. *McCullough*, 907 F.3d at 1331; *Bolin*, 225 F.3d at 1239. Knox has made no allegation to this effect. Accordingly, we also affirm the district court's dismissal of Knox's complaint on judicial immunity grounds.

**AFFIRMED.**